**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

---

MARK O'BRIEN WILLIAMS,

Petitioner,

v. Case No. 10-CV-448

WARDEN LARRY JENKINS,

Respondent.

---

# ORDER

On May 19, 2010, the petitioner, Mark O'Brien Williams ("Williams"), filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Williams challenges the revocation of his extended supervision resulting from an earlier state court conviction. As required, the court will conduct an initial screening of Williams' petition under Rule 4.

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts authorizes a district court to conduct an initial screening of habeas corpus petitions and to dismiss a petition summarily where "it plainly appears from the face of the petition . . . that the petitioner is not entitled to relief." This rule provides the district court the power to dismiss both those petitions that do not state a claim upon which relief may be granted and those petitions that are factually frivolous. *See Small v. Endicott*, 998 F.2d 411, 414 (7th Cir. 1993). Upon an initial Rule 4 review of habeas petitions, the court will analyze whether the petitioner has

avoided statute of limitations bars, exhausted available state remedies, avoided procedural default, and set forth cognizable constitutional or federal law claims.

The court begins its Rule 4 review by examining the timeliness of Williams's petition. A state prisoner in custody pursuant to a state court judgment has one year from the date "the judgment became final" to seek federal habeas relief. 28 U.S.C. § 2244(d)(1)(A). A judgment becomes final within the meaning of § 2244(d)(1)(A) when all direct appeals in the state courts are concluded, followed by either the completion or denial of certiorari proceedings in the U.S. Supreme Court, or, if certiorari is not sought, at the expiration of the 90 days allowed for filing for certiorari. *See Anderson v. Litscher*, 281 F.3d 672, 675 (7th Cir. 2002).

Here, it appears Williams's petition is timely. According to the information provided in his federal habeas petition, Williams's conviction will become final on August 11, 2010, which was 90 days after the Wisconsin Supreme Court denied Williams's petition for review. As that date has not even passed, Mr. Williams' petition is timely.

The court continues its Rule 4 review by examining Williams' petition to determine whether he has exhausted his state remedies. The district court may not address the merits of the constitutional claims raised in a federal habeas petition "unless the state courts have had a full and fair opportunity to review them." *Farrell v. Lane*, 939 F.2d 409, 410 (7th Cir. 1991). Accordingly, a state prisoner is required to exhaust the remedies available in state court before a district court will consider

the merits of a federal habeas petition. 28 U.S.C. § 2254(b)(1)(A). If a federal habeas petition has even a single unexhausted claim, the district court must dismiss the entire petition and leave the petitioner with the choice of either returning to state court to exhaust the claim, or amending or resubmitting the petition to present only exhausted claims. *See Rose v. Lundy*, 455 U.S. 509, 510 (1982); *Rhines v. Weber*, 544 U.S. 269, 278 (2005). A prisoner exhausts his constitutional claim when he presents it to the highest state court for a ruling on the merits. *Simmons v. Gramley*, 915 F.2d 1128, 1132 (7th Cir. 1990). Once the state's highest court has had a full and fair opportunity to pass upon the merits of the claim, a prisoner is not required to present it again to the state courts. *Humphrey v. Cady*, 405 U.S. 504, 516 n.18 (1972). The burden is on the petitioner of proving compliance with the exhaustion requirement. *Baldwin v. Lewis*, 442 F.2d 29, 35 (7th Cir. 1971).

Here, it appears that the claims in Williams' petition are exhausted. Williams presents four claims for relief in his petition: (1) the Wisconsin Circuit Court used the wrong standard of review when evaluating his writ of certiorari challenging the revocation of the petitioner's extended supervision; (2) the agents of the Wisconsin Department of Corrections "acted contrary to [Wisconsin] law" when they "forced Mr. Williams to sign a second" Alternative to Revocation agreement, as state law prohibited Mr. Williams' "time of incarceration [from being] extended without a new revocation process being implemented"; (3) the Wisconsin Department of Corrections failed to abide by a "policy laid out in the [Wisconsin] statutes and

administrative code regarding revocation proceedings"; and (4) Mr. Williams' comment to a staff member at the Wisconsin Resource Center that caused his probation and extended supervision to be revoked was a "hyperbole" and "hearsay" and, therefore, was insufficient to warrant the revocation and violated the rules of evidence for state administrative proceedings. To meet his burden of proving that his claims have been exhausted, the petitioner has submitted: (1) his petition; (2) a copy of the orders from the Wisconsin Court of Appeals and the Supreme Court of Wisconsin in his state case; and (3) two pages of his brief to the Wisconsin Circuit Court. Upon examining the record presented by the petitioner, the court can conclude that all of Mr. Williams' claims were considered and rejected by the Wisconsin Court of Appeals on their merits. Moreover, the Wisconsin Supreme Court denied Williams' petition for review of the Court of Appeals' ruling on these claims. Therefore, these claims appear to have been fully exhausted in state court.

The court next reviews Williams' petition under Rule 4 to determine whether he has procedurally defaulted on any of his claims. Even though a claim in a federal habeas petition has been exhausted, the court is still barred from considering the claim if it has been procedurally defaulted by the petitioner. *See Mahaffey v. Schomig*, 294 F.3d 907, 915 (7th Cir. 2002). A state prisoner procedurally defaults on a constitutional claim in a habeas petition when he fails to raise the claim in the state's highest court in a timely fashion. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999). A state prisoner may also procedurally default on a constitutional claim

in a habeas petition by failing to raise the claim in a manner prescribed by state procedural laws. *See Thomas v. McCaughtry*, 201 F.3d 995, 1000 (7th Cir. 2000).

Here, the court finds that Williams has not procedurally defaulted on his claims. His claims were presented and considered on the merits by the Wisconsin Court of Appeals, and Williams sought timely discretionary review in the Wisconsin Supreme Court.

The court concludes its Rule 4 review by screening for patently frivolous and speculative claims in Williams' federal habeas petition. *Small v. Endicott*, 998 F.2d 411, 414 (7th Cir. 1993). Here, the court concludes that Mr. Williams' claims are patently frivolous. Habeas corpus relief is available to a state prisoner under § 2254 "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). However, claims based on violations of state law are not cognizable in a federal habeas petition, and the failure to follow procedures created by state laws and regulations does not of itself create a federal due process violation. *See Pulley v. Harris*, 465 U.S. 37, 41, 104 S. Ct. 871, 79 L. Ed. 2d 29 (1984). The only issues raised by Mr. Williams in his petition are state law claims. His first claim is that the Wisconsin courts failed to follow the contours of Wisconsin administrative law in reviewing his challenge to the decision of the administrative agency. The petitioner's second claim, while using the word "forced" to describe how he had to sign his second Alternative to Revocation

Agreement, is a state law claim, as well.[1] The proffered reason the petitioner gives under his second claim for the legal infirmity with his Alternative to Revocation Agreement was that the agreement did not comport with Wisconsin's requirements for extending an offender's time of incarceration. Similarly, Williams' third claim argues that the Wisconsin Department of Corrections did not abide by policies "laid out in [the] statutes and administrative code," issues that are not proper grounds for habeas relief. Finally, Mr. Williams' final claim for relief is that: (1) his probation was revoked for an invalid reason under Wisconsin law; and (2) the evidence used to revoke his probation violated the rules of evidence. This claim is another state law claim, as the petitioner is claiming that his behavior – i.e., threatening someone in a hyperbolic form – was insufficient under Wisconsin law to warrant parole revocation. Moreover, even if the court was generous enough to interpret the evidentiary challenge in Mr. Williams' claim to be a due process issue,[2] a "violation of a state rule of evidence is not a denial of due process." *Young Soo Koo v. McBride*, 124 F.3d 869, 874 (7th Cir. 1997). In sum, it is plain from the petition that Mr. Williams is not entitled to habeas relief, as all of his claims are based on state

[1] If Mr. Williams was trying to articulate a due process argument with the use of the word "forced," that is entirely unclear from his petition. More importantly, the due process argument was never raised in the state courts or framed in that manner. The only constitutional claim Mr. Williams raised in the state courts was that he was "unconstitutionally denied medication by the Division of Adult Institutions," a claim he does not raise in his habeas appeal.

[2] Mr. Williams never posed the issue as a due process claim in his state court proceedings.

law violations and not on violations of federal law or the United States Constitution. Accordingly, the petition must be dismissed.

**CERTIFICATE OF APPEALABILITY**

Under Rule 11(a) of the Rules Governing Section 2254 Cases, "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." To obtain a certificate of appealability under 28 U.S.C. § 2253(c)(2), the applicant must make a "substantial showing of the denial of a constitutional right" by establishing that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336, 123 S. Ct. 1029, 154 L. Ed. 2d 931 (2003) (internal citations omitted). While Rule 11(a) permits a district court to direct the parties to submit arguments on whether a certificate of appealability should issue, additional argument is not necessary here. Given the record before the court, no reasonable jurist would find it debatable whether this court was correct in its ruling on the present motion. As a consequence, the court must deny a certificate of appealability as to the petitioner's motion.

Accordingly,

**IT IS ORDERED** that petitioner's Petition for Writ of Habeas Corpus (Docket #1) be and the same is hereby **DENIED**;

**IT IS FURTHER ORDERED** that petitioner's Motion for Leave to Proceed *in forma pauperis* (Docket #2) be and the same is hereby **DENIED** as moot;

**IT IS FURTHER ORDERED** that petitioner be and the same is hereby **DENIED** a Certificate of Appealability; and

**IT IS FURTHER ORDERED** that this case be and the same is hereby **DISMISSED**;

The Clerk of the Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 11th day of June, 2010.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge